UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRY HELMUTH ROMBOT )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>ELAINE C. DUKE, Acting Secretary, )<br>United States Department of )<br>Homeland Security )<br>)<br>JEFFERSON B. SESSIONS III, )<br>Attorney General of the United States )<br>)<br>CHRIS M. CRONEN, New England )<br>Field Office Director for Enforcement )<br>And Removal Operations, US )<br>Immigration and Customs Enforcement )<br>)<br>Respondent ) | Civil Action No. |

PETITION FOR WRIT OF HABEAS CORPUS
28 USC Sec. 2241

Introduction

1. This is a habeas corpus action in which petitioner Terry H. Rombot, a citizen of Indonesia currently in US Immigration and Customs Enforcement (ICE) custody in Plymouth, Massachusetts, asks the Court review the legality of his federal custody and detention.

Jurisdiction

2. This Court has jurisdiction under the United States Constitution, and Title 28, United States Code, Section 2241; Title 28, United States Code, Section 1331; and Title 5, United States Code, Sections 551 et seq., Administrative Procedures Act.

## Parties

3. Petitioner Terry Rombot is a citizen of Indonesia, has been a resident of New Hampshire for many years, and is currently being held in ICE detention custody in Plymouth, Massachusetts.

4. Defendants Duke and Sessions serve under the titles stated in the caption of this petition, with US government offices located in Washington, DC.

5. Defendant Cronen serves under the title in the caption of this petition, with US government offices in Burlington, Massachusetts.

## Facts

6. Petitoner Terry Rombot entered the United States on a legal visa about sixteen (16) years ago, and overstayed that visa. He is a member of the Christian minority in the country of Indonesia, which is the largest Muslim majority country in the world. He filed an application with the US government for asylum, which application was denied, and eventually in 2008 he was ordered removed from the United States.

7. In August 2010, in the State of New Hampshire, ICE commenced a special program it dubbed "Operation Indonesian Surrender", an operation further discussed in attachments "A" and "B" hereto, which are incorporated herein by reference. Briefly, ICE invited those Indonesians under a removal order to voluntarily surrender, be put on an Order of Supervision, with the chance to file applications in the future to remain in the United States. As described by ICE, this was a "humanitarian effort" involving Indonesian churches and the Department of Homeland Security (DHS). An ICE official was quoted

as follows: "The whole purpose is bringing folks out of the shadows and saying listen, we'll work with you. They're hiding in fear and we don't want that - no one wants that." The ICE official further stated that church leaders will approach DHS suggesting relief for "upstanding members of the community."

8. Petitioner Terry Rombot was considered one of those "upstanding members of the community", voluntarily surrendered to ICE, was accepted into the program, and put on an Order of Supervision (OSUP), meaning he had to periodically check into ICE.

9. In November 2010 Terry Rombot filed a Form I-246 application for stay of deportation or removal with ICE. ICE held this application for more than one year before denying it on December 12, 2011. It was thought that this was inequitable because in August 2010 ICE had represented that if those in unknown locations voluntarily came in and gave their information and kept reporting into ICE under this "humanitarian program" for "upstanding members of the community", they would benefit in some way. In addition, in June 2011 then ICE Director Morton had issued an official policy memorandum which seemingly liberalized the ability of those in Terry Rombots situation to stay in the United States.

10. Terry Rombot did not leave the United States and later the United States Attorney for New Hampshire, at the urging of ICE, brought federal charges for failure to depart the United States. At the sentencing hearing in the United States District Court for the District of New Hampshire, it was brought out that Terry Rombot had significant health problems including a heart attack, and the United States District Judge and US Attorney's Office appeared sympathetic. See Sentencing Hearing Transcript attached hereto as "C" and incorporated herein by reference.

11. In his Judgment in that case, the United States District Judge in New Hampshire wrote as follows: "Court recommends deportation stay be granted based on medical history." See attachment "D" hereto. In that same case, the Presentence Investigation Report to the US District Court stated in part: "There are no identifiable victims in this offense"; "The probation officer has no information indicating the defendant impeded or obstructed justice"; "The defendant has clearly demonstrated acceptance of responsibility for the offense."

12. Pursuant to the ruling in this NH case, Terry Rombot was put on an airplane in New York City to leave the United States. However, in the interim ICE officials in Washington, DC headquarters overruled the local office and determined that Terry Rombot should be allowed to stay in the United States, and he was taken off the plane in May 2015.

13. On May 28, 2015 Terry Rombot received a "Release Notification" from ICE. See attachment "E" hereto. This notification contains the factors under which Rombot could be taken back into custody. It also says that if he had to depart, he would "be given an opportunity to prepare for an orderly departure." Terry Rombot has never violated any of the factors set forth in this notice, and ICE has not contended otherwise.

14. Since May 2015 Terry Rombot has filed applications for stay of removal, and has been approved for remaining in the US by ICE, and at all times followed the requirements of the Release Notification and his Order of Supervision (see attachment "F" hereto).

15. On August 1, 2017, Terry Rombot, through counsel, filed a new Form I-246 Application for stay of removal in the Burlington, MA headquarters of ICE in New

England where respondent Cronen maintains an office. See attachment "G" hereto. Rombot pointed out, among other things, that he had had a heart attack in the past and was still under the care of doctors and had a doctor's appointment for August 17. So even though Rombot reports to the Manchester, NH ICE office, the stay applications must be filed in Burlington, MA because that central office is set up to receive filing fees, which the Manchester office is not.

16. On information and belief, under ICE practice and policy, the Form I-246 stay applications are taken in in Burlington, MA, are then forwarded to the Manchester, NH ICE office where the files on NH individuals such as Terry Rombot are kept, and then the application along with the entire file is reviewed by a "line" ICE officer, and usually an officer is already assigned to the case. After review, the line officer makes a recommendation to approve or deny the stay application, and then the case is sent up the chain of command with the ICE Field Office Director (Cronen) making the final decision in the Burlington, MA headquarters.

17. On the said August 1, 2017, Terry Rombot's stay application was filed in the Burlington, MA ICE office at about 10:30 AM. Normally, the ICE office in Manchester NH would not become aware of the application until some time later. Nonetheless, on August 2 Rombot's counsel received a UPS delievery from NH ICE with a letter dated August 1, 2017 denying Rombot's stay application. See attachment "H" hereto.

18. In the meantime, Terry Rombot, per the prior Order of Supervision schedule, had reported into ICE Manchester on August 1 where he was taken into ICE custody, detained, placed in shackles, and later given a "Notice of Revocation of Release", attached hereto as "I". He is currently under ICE custody at Plymouth (MA) county jail.

19. On information and belief, ICE has held Terry Rombot in detention several times in 2013 and 2015 totaling about 5-6 months. ICE has now held Terry Rombot in detention since August 1, 2017.

Causes of Action

20. The factual allegations above are incorporated by reference.

21. ICE has violated its policies and procedures for considering and deciding on stay applications. Terry Rombot's first stay application was held more than a year before decision. Many other applications including Rombot's usually go through a process of weeks or months for initial and final review and decision, especially given the participation of two ICE offices in Manchester NH and Burlington MA. The attached NH US District Court sentencing transcript shows Terry Rombot's health concerns were taken very seriously by the US District Judge and US Attorney's Office in NH, yet Rombot's August 1, 2017 stay application was purportedly considered and decided in a matter of a few hours.

22. Terry Rombot followed all requirements of his release notification and Order of Supervision, yet he was taken into custody and detention on August 1 despite the fact he has been held by ICE in the past on several different occasions by ICE with no deportation following.

Prayers for Relief

WHEREFORE, petitioner Terry Rombot respectfully prays the Court:

1. Find and rule that ICE violated its own policies and procedures in purportedly adjudicating his August 1 stay application within a few hours on the same day it was filed.

2. Find and rule that ICE violated its own written release notification and Order of Supervision in taking Terry Rombot into custody.

3. Find and rule that ICE was wrong to take Terry Rombot into custody and detain him for a significant period of time given that ICE had already detained and incarcerated Rombot several times in the past for months also pursuant to his original removal order.

4. Pending a final ruling on these matters, enter a preliminary injunction ordering ICE to release Terry Rombot and not remove him from the jurisdiction of this Court.

5. Grant such other relief the Court deems just and appropriate.

Respectfully submitted,

22 August 2017

WILLIAM A. HAHN, BBO #216690
HAHN & MATKOV
36 Bromfield Street, Suite 500
Boston, MA 02108
Ph: 617-338-8333
Fax: 617-482-4386
E-mail: hahnandmatkov@gmail.com