UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
TERRY HELMUTH ROMBOT,               )
                                    )
            Petitioner,             )     C.A. No. 17-11577-IT
                                    )
     v.                             )
                                    )
ANTONE MONIZ,                       )
                                    )
            Respondent.             )
_____ )

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

On August 1, 2017, the United States Immigration and Customs Enforcement (ICE) took Petitioner, a Indonesian national, into custody to execute a removal order.  Petitioner now seeks habeas corpus relief and a preliminary injunction order (PI) to enjoin his detention, transfer, and removal.  But, this Court lacks subject matter jurisdiction to hear Petitioner's requests or grant his requested relief.

BACKGROUND

According to his Petition, Petitioner Terry Rombot ("Rombot" or "Petitioner") is a citizen of Indonesia, has been a resident of New Hampshire for many years, and was being held in ICE detention custody in Plymouth, Massachusetts.  *See* Petition, ¶ 3.  Rombot entered the United States on a legal visa approximately sixteen (16) years ago and overstayed that visa.  *Id*., ¶ 6.  He filed an application with the U.S. government for asylum, which application was denied, and eventually in 2008, he was ordered removed from the United States.  *Id*.

In November 2010, Rombot filed a Form I-246 application for stay of deportation or removal with ICE.  ICE denied this application on December 12, 2011.  *Id*., ¶ 9.  Rombot did not leave the United States voluntarily as allowed by the Immigration Court and later the United

States Attorney for the District of New Hampshire, at the urging of ICE, brought federal criminal charges against Rombot for failure to depart the United States.

Pursuant to the ruling in this New Hampshire criminal case, in May 2015, Rombot was placed on an airplane in New York city to leave the United States.  *Id*., ¶ 12.  However, in the interim, ICE officials in Washington, DC headquarters overruled the local office and determined that Rombot should not be removed at that time from the United States, and he was taken off the plane.  *Id*..

On May 28, 2015, Rombot received a "Release Notification" from ICE, informing Rombot that while ICE was in the process of obtaining travel documents for his removal, he would be released from custody under an Order of Supervision (OS).  *Id*., ¶ 13   This Release Notification also stated that once travel documents were obtained by ICE, he would "be given an opportunity to prepare for an orderly departure."  *Id*.  Since May 2015, Rombot has filed applications for stay of removal, and has been approved by ICE, in its sole discretion, the ability to remain in the United States on an OS.  *Id*., ¶ 14.  An explicit condition of the Order of Supervision authorizing Rombot's release was that he "appear in person at the time and place specified, upon each and every request of the Serivce [ICE], for identification and for deportation or removal."  *See* Petition, Exhibit F.

On August 1, 2017, Rombot filed a new Form I-246 Application for stay of removal with ICE's Burlington, Massachusetts headquarters.  *Id*., ¶ 15.  On August 2, 2017, Rombot's counsel received notice from ICE's New Hampshire office, which enclosed a letter dated August 1, 2017, denying Rombot's stay application.  *Id*., ¶ 17.  In the meantime, Rombot, per his prior OS, reported to ICE Manchester on August 1 where he was taken into ICE custody, detained, and given the aforementioned "Notice of Revocation of Release."  *Id*., ¶ 18.

In his Petition, Rombot seeks an Order from this Court ordering ICE to release him and not remove him from the jurisdiction of this Court. For the reasons stated herein, this Court should dismiss the Petition because it lacks subject matter jurisdiction.

## ARGUMENT

**I.  A PI should not issue because Petitioner will not be able to prevail on the claims he asserted in his Petition.**

   **a. By detaining Petitioner on August 1, 2017, ICE started to execute a valid removal order that entered in 2008.**

The law requires ICE to detain and remove individuals who are subject to valid and final removal orders. When "an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," 8 U.S.C. § 1231(a)(1)(A), and "[d]uring the [90-day] removal period, the Attorney General shall detain the alien." *Id*. § 1231(a)(2). Petitioner has been detained pending execution of his removal order only since August 1, 2017.

Petitioner's removal order became final on April 29, 2008, when the BIA denied his appeal, and Petitioner did not appeal the denial to the U.S. Court of Appeals for the First Circuit. Petitioner does not allege that that the removal order that entered in 2008 is invalid. *See* Petition, ¶ 6 (acknowledging that [h]is appeal of that order was denied by the [BIA] in 2008). In any event, such a claim can only be reviewed by the appropriate court of appeals.

In the exercise of favorable administrative discretion, ICE stayed the execution of Rombot's removal until August 1, 2017. On that date, in the exercise of administrative discretion, ICE declined to extend the stay of Petitioner's removal and took him in custody to execute the removal order.

Accordingly, by asking this Court for a PI[1] that orders ICE to release him, enjoin his removal from the United States, and transfer out of Massachusetts, Rombot challenges the execution of his removal. As set out below, however, this Court lacks subject matter jurisdiction to hear these requests

### b. The Court does not have jurisdiction to review ICE's execution of removal orders.

This Court does not have jurisdiction to review ICE's discretionary decision to decline to stay Petitioner's removal. Under 8 U.S.C. § 1252(g) "no court shall have jurisdiction to review any cause or claim . . . arising from the decision or action by the Attorney General to … *execute removal orders* against any alien . . . ." (Emphasis added). *See generally Reno v. Am.-Arab Anti-Discrimination Comm. et al.*, 525 U.S. 471, 483 (1999) ("*AADC*"). "There was good reason for Congress to focus special attention upon, and make special provision for, judicial review of the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing], *[and] execut[ing] removal orders* . . . ." *Id.* (Emphasis added). "[Because] [a]t each stage the Executive has discretion to abandon the endeavor . . . Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations, providing that if they are reviewable at all, they at least will not be made the

---

[1] The Supreme Court has held that a preliminary injunction is an "extraordinary and drastic remedy" which "is never awarded as of right."). *Munaf, et al., v. Geren, et al.,* 128 S.Ct. 2207, 2219 (2008). The Court in *Munaf* observed that a party seeking a preliminary injunction must demonstrate, among other things, "a likelihood of success on the merits". *Id.* at 2219 (citations omitted). Indeed, the Court held that even "[a] difficult question as to jurisdiction is, of course, no reason to grant a preliminary injunction", because such a question says nothing about the likelihood of success on the merits, "other than making such success more *unlikely* due to potential impediments to even reaching the merits." *Id.* (emphasis in original).

The Supreme Court in *Munaf* therefore declared "we hold that it was an abuse of discretion for the District Court to grant a preliminary injunction [despite its view that difficult jurisdictional questions were involved] . . . without even considering the merits of the underlying habeas petition." *Id.*

4

bases for separate rounds of judicial intervention outside the streamlined process that Congress has designed." *Id*. at 483-485.  (Emphasis added).

Additionally, Congress in 2005 amended 8 U.S.C. § 1252(g) to clarify that a district court lacks habeas corpus jurisdiction to enjoin removal of an alien from the United States.  Section 106(a)(3) of the Real ID Act of 2005 (the Real ID Act) stated:

> 242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law *(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amending language in emphasis).  "[E]nactment of the Real ID Act . . . in the plainest of language, deprives the district courts of jurisdiction in removal cases." *Ishak v. Gonzales*, 422 F.3d 22, 28 (1st Cir. 2005)[2]  The Real ID Act also amended 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g), to now expressly include 28 U.S.C. § 2241, as being within the enumerated judicial review and injunction bars. *See Aguilar*, 510 F.3d 1, 9 (characterizing the scope of section 1252(b)(9) as "breathtaking", and declaring that by its enactment "Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings.").

These amendments make it clear that only the court of appeals has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to

---

[2] *Cf. Aguilar v. U.S. Immigration & Customs Enf.*, 510 F.3d 1, 9-11 (1st Cir. 2007) (holding that district court review is available only for claims that are independent of or collateral to the removal process, such as continued detention).

remove an alien from the United States", and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]." 8 U.S.C. §§ 1252(b)(9) and 1252(g), respectively, as amended by the Real ID Act. For these reasons, this court does not have subject matter jurisdiction to review such removal orders.[34] *Ishak*, 422 F.3d at 29 ("The plain language of these amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal. . . . Congress has now definitively eliminated any provision for [habeas] jurisdiction.").[5]

---

[3] Section 106(a)(1)(B) of the Real ID Act creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[4] *See* 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings").

[5] Habeas challenges to pure detention—that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order—are not affected by the Real ID Act section 106 jurisdictional amendments. *See* Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., *available at* 2005 WL 1025891 (May 3, 2005) ("Moreover, section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders."). In the instant case, Petitioner has been detained for execution of his removal order only 28 days, and is well within the presumptively lawful 6-months period of post order detention approved by the Supreme Court. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("for the sake of uniform administration in the federal courts, we recognize that period"). In fact, Rombot had boarded a plane for his removal on August 28, 2017, but was

In short, this Court cannot hear Rombot's Petition which essentially seeks an injunction against his removal. *Tejada v. Cabral*, 424 F.Supp.2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—*be they stays or permanent injunctions*—were to be issued by the appropriate court of appeals.") (emphasis added). *Cf. Aziz v. Chadbourne,* 2007 WL 3024010, *2 (D. Mass. Oct. 15, 2007) (acknowledging that 8 U.S.C. § 1252(g) bars granting of any stay of removal for alien admitted under Visa Waiver Program who had pending adjustment application). Through the Real ID Act, Congress unequivocally indicated its intent to eliminate habeas corpus review of removal orders and at the same time indicated its intent to provide judicial review for all removal orders in the circuit courts of appeals.[6] Thus, the Petition should be dismissed.

Finally, procedurally, Rombot has had sufficient notice and an opportunity to be heard on the questions of his removability and on any reliefs for which he desired to apply. He was found removable and his relief applications were denied by an Immigration Judge in 2006. He appealed the determination administratively to the BIA, which in 2008 affirmed the decision of the Immigration Judge. Rombot could have sought judicial review within 30 days of the BIA's

---

ordered to be removed from the plane so this Court could review his Petition, effectively staying his valid order of removal. *See* Docket Entry No.9.

[6] *See* Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., *available at* 2005 WL 1025891 (May 3, 2005) ("Under the amendments in section 106, all aliens will get review in the same forum—the courts of appeal."). It is well-settled in this circuit that there is no constitutional right to remain in the United States to pursue administrative relief applications in the face of a deportation or exclusion order. *See Silverman v. Rogers*, 437 F.2d 102, 107 (1st Cir. 1970); *Smith v. Immigration and Naturalization Service*, 684 F. Supp. 1113, 1118 n.2 (D. Mass 1988); *Ansong v. District Director*, 596 F. Supp. 882, 888 (D. Me. 1984). *Cf. Khalaj v. Cole*, 46 F.3d 828, 835 (8th Cir. 1995) (rejecting petitioner's view of due process that "would prohibit the INS from ever attempting to deport an alien pursuant to a valid deportation order if any further administrative relief, such as motions to reopen, were available"), *citing Bothyo v. Moyer*, 772 F.2d 353, 358 (7th Cir. 1985).

April 29, 2008, removal decision, but he did not.  Review of Rombot's removal order is exclusive to the First Circuit because the order entered in Massachusetts.  8 U.S.C. §§ 1252(a)(5), (b)(9).  Additionally, ICE's actions do not shock the conscience.  "Executive actions that do no more than comport with valid statutory commands simply are not the stuff from which substantive due process violations can be fashioned."  *Herrera-Inirio v. INS*, 208 F.3d 299, 309 (1st Cir. 2000).  Moreover, the exercise of ICE administrative discretion in declining to authorize yet another stay of removal for Rombot does not implicate any due process concern.  *Ticoalu v. Gonzales*, 472 F.3d 8, 11( 1st Cir. 2006) ("Due process rights do not accrue to discretionary forms of relief"), *citing DaCosta v. Gonzales*, 449 F. 3d 45, 49 (1st Cir. 2006)); *see also Jupiter v. Ashcroft*, 396 F. 3d 487, 492 (1st Cir. 2005)(" [ P]etitioner cannot premise a colorable due process claim solely on the denial of an opportunity to depart later.").

At bottom, all of Rombot's cognizable remedies are administrative or at the circuit court of appeals.

## CONCLUSION

For the reasons stated and on the authorities cited, this Court should deny Rombot's request for a PI and dismiss the habeas petition under Fed. R. Civ. P. 12(b)(1).

    Respectfully submitted,

    WILLIAM D. WEINREB
    Acting United States Attorney

By: */s/ Michael Sady*
    Michael Sady (BBO #552934)
    Assistant U.S. Attorney
    U.S. Attorney's Office
    1 Courthouse Way, Suite 9200
    Boston, MA  02210
    (617) 748-3100
    Michael.Sady@usdoj.gov

## LOCAL RULE 7.1

The undersigned counsel has been unable to confer with Petitioner's counsel and will do so in Court at the hearing scheduled for August 29, 2017.

Dated:  August 29, 2017

*/s/ Michael Sady*
Michael Sady
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the NEF.

Dated:  August 29, 2017

*/s/ Michael Sady*
Michael Sady
Assistant U.S. Attorney