**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
TERRY HELMUTH ROMBOT,               )
                                    )
            Petitioner,             )
     v.                             )   Civil Action
                                    )   No. 17-11577-PBS
ANTONE MONIZ,                       )
                                    )
            Respondent.             )
_____)

## MEMORANDUM AND ORDER

October 25, 2017

Saris, C.J.

### INTRODUCTION

Petitioner Terry Rombot, an Indonesian citizen who has lived in the United States for approximately 16 years, filed a petition for habeas corpus under 28 U.S.C. § 2241, seeking release from detention. Rombot challenges the legality of his detention, arguing that Immigration and Customs Enforcement ("ICE") violated its own policies and procedures when it denied his application for stay and took him into custody, despite his compliance with all conditions of his Release Notification and Order of Supervision. Respondent Antone Moniz, Superintendent of

the Plymouth County Correctional Facility, moved to dismiss the petition under Fed. R. Civ. P. 12(b)(1) (Docket No. 11).[1]

Petitioners/Plaintiffs in the related case, <u>Devitri et al. v. Cronen et al.</u>, 1:17-cv-11842-PBS, including Rombot, request a temporary stay of their removal from the United States. Rombot also raises a due process challenge to his detention in that related case.

After an evidentiary hearing, the Court **DENIES** the Government's motion to dismiss (Docket No. 11).

**FACTUAL BACKGROUND**

The factual background is taken from the allegations in Rombot's habeas petition. The allegations are assumed to be true for purposes of the motion to dismiss.

Rombot is an Indonesian citizen who first came to the United States on a visa 16 years ago. Rombot was a member of the Christian minority in Indonesia, the largest Muslim-majority country in the world. He overstayed his visa in the United States and applied for asylum. His application was denied, and in 2008, Rombot was ordered removed from the United States.

In August 2010, ICE initiated "Operation Indonesian Surrender" in New Hampshire. As part of that program, Rombot

---

[1] Rombot is now detained at the Bristol County House of Corrections. <u>See</u> Docket No. 28. Rombot shall substitute the appropriate custodian.

voluntarily surrendered to ICE officials and was put on an Order of Supervision. The Order of Supervision required him to check in periodically with ICE and stated that Rombot's "failure to comply with the terms of [the] order may subject [him] to a fine, detention, or prosecution." Docket No. 1-6. Rombot filed a Form I-246 application for stay of removal in November 2010, and ICE denied the application more than one year later on December 12, 2011.

Rombot did not leave the United States after his stay application was denied. The United States Attorney for New Hampshire brought charges against him for failure to depart the United States. At his sentencing in front of Judge Barbadoro, Rombot's significant health problems, including a heart attack, were discussed. In his judgment, Judge Barbadoro included a message regarding Rombot's immigration status, which read: "Court recommends deportation stay be granted based on medical history." Docket No. 1-4.

In May 2015, Rombot was put on an airplane in New York City to leave the United States. Rombot was taken off that plane, however, when ICE officials in Washington, D.C. overruled the local office and decided that Rombot should be allowed to stay in the United States.

On May 28, 2015, Rombot received a "Release Notification" from ICE. The Release Notification stipulated that "[a]

violation of one of [sic] more of [its] conditions, or of any local, state or federal law may result in [Rombot's] being taken back into custody and any bond that [he] may have posted being forfeited." Docket No. 1-5. Rombot at all times has complied with the requirements of his Release Notification and Order of Supervision. Significantly, the Release Notification also said that Rombot would "be given an opportunity <u>to prepare for an orderly departure</u>" when he had to depart the United States. <u>Id.</u> (emphasis added).

Rombot has filed applications for stays of removal since May 2015, and those applications were approved by ICE up until August 1, 2017. On that date at approximately 10:30 a.m., Rombot's counsel filed a new application for stay of removal at ICE's Burlington, Massachusetts headquarters office. In the application, Rombot noted that he had had a heart attack and had an upcoming doctor's appointment. On August 2, 2017, Rombot's counsel received a notice from the Manchester, New Hampshire ICE office that was dated August 1, 2017 and denied the application for stay. No reason was stated. Rombot claims that the same-day decision on his August 1, 2017 application for stay shows that "ICE has violated its policies and procedures for considering and deciding on stay applications." Docket No. 1 ¶ 21.

Also on August 1, 2017, Rombot reported to the Manchester ICE office pursuant to the Order of Supervision and was

detained, placed in shackles, and later given a "Notice of Revocation of Release." He is now detained at the Bristol County House of Corrections' ICE detention center. See Docket No. 28. He previously was detained by ICE in 2013 and 2015 for approximately 86 days.

The Government concedes Rombot at all times complied with the requirements of the Release Notification. The Court finds Rombot was not given "an opportunity to prepare for an orderly departure" as promised by ICE.

## DISCUSSION

The REAL ID Act, passed in 2005, stripped federal district courts of jurisdiction to review aliens' challenges to their final orders of removal. See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."); id. § 1252(b)(9) (consolidating "review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," arising from a removal action in the statute's judicial review procedure). In addition, the statute states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by [ICE] to commence proceedings, adjudicate cases, or execute removal orders." Id. § 1252(g). This provision

5

completely removes federal habeas jurisdiction with respect to ICE's discretionary decisions in these three categories. See id.; Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482-83 (1999) (limiting reach of provision to "three discrete actions").

Even after the REAL ID Act, however, the district court holds jurisdiction to review habeas challenges to unlawful immigration detention. See Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dep't of Homeland Sec., 510 F.3d 1, 11 (1st Cir. 2007) ("[D]istrict courts retain jurisdiction over challenges to the legality of detention in the immigration context."). Subject-matter jurisdiction over detention challenges extends to petitions regarding the "availability of bail." Id. In order to bring a habeas petition, an individual must be in custody. 28 U.S.C. § 2241(c). In his petition, an alien petitioner "must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000). A district court may only grant a petitioner relief when the court is located in the "district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Here, Rombot is being detained in the Bristol County House of Corrections, which is located in the District of

Massachusetts. The proper respondent with day-to-day control over that facility will be substituted pursuant to this order. Thus, Rombot has met the threshold jurisdictional requirements for 28 U.S.C. § 2241. This Court has subject-matter jurisdiction over Rombot's habeas petition. See Aguilar, 510 F.3d at 11.

## ORDER

For the foregoing reasons, the motion to dismiss (Docket No. 11) is **DENIED** with respect to Rombot's detention challenge. Rombot shall file with this Court a motion to substitute the appropriate custodian from Bristol County House of Corrections.


SO ORDERED.                     /s/ PATTI B. SARIS            
                                Patti B. Saris
                                Chief United States District Judge