UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRY H. ROMBOT | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CA No. 1:17-cv-11577PBS |
| | ) | |
| STEVEN J. SOUZA | ) | |
| | ) | |
| Respondent | ) | |

PETITIONER'S MOTION FOR RELEASE AND/OR BOND DETERMINATION

Petitioner Terry H. Rombot moves the Court order his immediate release from ICE custody in Bristol County jail or, if not, should order an immediate bond hearing, and states the following reasons therefor:

Introduction

At the initial hearing in this matter, the Court requested that the US Attorney's office ask US Immigration and Customs Enforcement (ICE) to consider releasing Terry Rombot from custody. That request was made and recently the AUSA informed counsel in September that ICE would not agree to release Mr. Rombot. More recently on October 20 the Court asked if an agreement could be reached, but last week counsel in the US Attorney General's office filed a notice that detention would continue.

As the Court is aware, on September 25, 2017 an action was filed with the Court and deemed related to captioned case. See <u>Devitri, et als. v. Cronen, et als.</u>, No. 17-cv-11842-PBS. At the hearing the following day, the Court temporarily stayed removal of the named plaintiffs, of which Terry Rombot is one, and noted the case is "complex." Rombot has already been detained for almost three months, since August 1, and as noted

1

below this is a civil detention rather than a criminal detention, and therefore is not favored absent compelling circumstances for confinement. Further detention during the progress of this and the related case would not seem to be necessary for any legitimate reason.

Attached as "C" to Rombot's petition is a transcript of the sentencing hearing before US District Judge Paul Barbadoro in the "failure to depart" prosecution. After considering all facts and the report of US Probation, the District Judge strongly urged Rombot's release from custody, noting he had lived peacefully in the community for about 16 years, with no dissent from the US Attorney's office:

> "THE COURT: But, I am sympathetic to someone who we all agree doesn't pose a threat to the community here, who's been, other than his current violation, a resident of the community for a long time.
> MR. ZUCKERMAN [AUSA]: Absolutely true." Tr., p. 6.

Following the proceeding in US District Court in New Hampshire, the ICE headquarters in Washington, DC intervened, and Terry Rombot was given a "Release Notification" and was placed on an Order of Supervision (OSUP) providing that he follow certain conditions and report to Manchester NH ICE when directed. This release and OSUP process necessarily included a determination by ICE that Rombot was neither a danger to the community or a flight risk. There has never been an allegation that Rombot did not fully comply with the release notification and OSUP requirements.

Under these circumstances, Rombot contends any further civil confinement would violate due process of law under the Fifth Amendment to the United States Constitution, as well as ICE policies and procedures and federal regulations.

ARGUMENT

I. THE COURT SHOULD ORDER THAT TERRY ROMBOT BE IMMEDIATELY

2

RELEASED OR, IF NOT, SHOULD ORDER AN IMMEDIATE BOND HEARING.

Pursuant to 8 USC sec. 1231(a)(1), DHS/ICE is authorized to detain Rombot during the removal period, which extends for 90 days after the date his order of removal became final or (if applicable) after he is released from other custody. Given that Rombot's removal order became final in 2008, his order became final more than 90 days ago, and he was not held in any other custody. Consequently, the 90-day removal period has long since expired, and, as far as undersigned counsel is aware, DHS has not asserted any other basis for detention. See <u>Ulysee v. DHS</u>, 291 F Supp 2d 1318, 1325-27 (MD Fla 2003)(ordering habeas petitioner released because removal period had expired, and was not revived by ICE's later decision to take petitioner into custody); <u>Farez-Espinoza v. Chertoff</u>, 600 F Supp 2d 488, 502-03 (SDNY)(ordering habeas petitioner released because removal period was not extended where alien lived at home and government was well aware of her whereabouts for period of 15 months before arrest). Accordingly, Rombot should be released immediately.[1]

If Rombot is not immediately released on this basis, then the Court should order an immediate hearing at which DHS will be required to articulate a statutory basis for detention and then to prove by clear and convincing evidence: (1) the predicate facts necessary to trigger the identified statutory basis for detention; (2) that Rombot is a danger to others or a flight risk; and (3) that no conditions or combination of conditions will reasonably assure Rombot's future appearance and the safety of the community. Absent such a showing, Rombot should be immediately released upon personal recognizance or upon such conditions as the Court deems appropriate.

---

[1] Rombot also notes this is the third time he has been detained since the end of the 90-day removal period, first from October 9 - December 26, 2013 (79 days) and, second, from May 22 - May 28, 2015 (7 days).

Such a hearing is required because "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 US 739, 755 (1987).  Thus, civil detention is forbidden unless and until the Government has proved an adequate basis for detention to a neutral arbiter by clear and convincing evidence. US Const. Amend. IV and V; Foucha v. Louisiana, 504 US 71, 80 (1992).

II. THE COURT SHOULD ORDER THAT TERRY ROMBOT BE RELEASED BECAUSE DETENTION IS NOT STATUTORILY AUTHORIZED AND ICE DID NOT FOLLOW ITS OWN REGULATIONS.

    A.  THE GOVERNMENT DID NOT FOLLOW ITS OWN RELEASE CONDITIONS.

As discussed at the October 20, 2017 hearing in this matter, the government issued a Release Notification specifying Rombot would "be given an opportunity to prepare for an orderly departure" when he had to leave the United States.  At the same August 1, 2017 ICE check-in where several dozen Indonesians went to ICE-Manchester, Rombot was the only one to be taken into custody and shackled.  At the October 20 Court evidentiary hearing, ICE Officer Timothy Stevens was asked why Rombot was the only person out of several dozen who was detained and shackled, and Officer Stevens could not articulate any reason why Rombot was singled out in this way.  As there was no explanation by the government at the evidentiary hearing, Rombot suggests this was not only a violation of the prior Release Notification, but was so arbitrary as to be a denial of due process of law under the Fifth Amendment to the Constitution.  As noted by Justice Kennedy in Zadvydas v. Davis, 533 US 678, 724 (2001):

> "Were the INS, in an arbitrary or categorical manner, to deny an alien access to the administrative processes in place to review continued detention, habeas jurisdiction would lie to redress the due process

> violation caused by the denial of the mandated procedures under
> 8 CFR sec. 241.4 (2001)."

See also INS v. St. Cyr, 533 US 289, 298 (2001)("strong presumption in favor of judicial review of administrative actions"); Kucana v. Holder, 558 US 233, 250 (2010)(same).

    B.  ASIDE FROM VIOLATING THE RELEASE NOTIFICATION, ICE DID NOT FOLLOW REGULATIONS IN TAKING ROMBOT BACK INTO CUSTODY.

As discussed in petitioner's opposition memorandum to the government's motion to dismiss, which is incorporated herein by reference, DHS did not follow its own regulations in revoking release and taking Rombot into custody on August 1, instead relying on an inapplicable regulation. See Petitioner's Memorandum in Support of His Opposition to the Government's Motion to Dismiss, p. 3.

    C.  THE GOVERNMENT VIOLATED ITS OWN OCTOBER 13 "NOTICE TO ALIEN OF FILE CUSTODY REVIEW."

On or about October 13, 2017 ICE delivered the Notice attached hereto as "A" to Terry Rombot in detention. At the October 20 Court hearing, Rombot provided this document to counsel. The document reads in part:

> "Your custody status will be reviewed on or about: 10/30/2017….
> You may submit any documentation you wish to be reviewed in
> support of your release, prior to the date listed above, to the
> attention of the Officer and address below."

While counsel was preparing a response, he learned that on October 24 Rombot was served with a document stating a decision had already been made that he would not be released. Thus, although the October 13 Notice stated that Rombot could submit evidence in favor of his release by October 30, the government unilaterally made a decision on October 24 that he would not be released. In Rombot's view, this is yet

5

another violation of the government's own written documents and a denial of due process of law. See Justice Kennedy's statement in Zadvydas, above.

>D.  ICE HAS NO STANDARDS FOR DECISION ON AN I-246 APPLICATION FOR STAY OF REMOVAL.

In his petition for writ of habeas corpus, Rombot points out that his Form I-246 Application for Stay of Removal was filed in mid-morning in Burlington, MA ICE on August 1, his case file was at Manchester NH ICE, and the application was denied that same afternoon.  At the October 20, 2017 evidentiary hearing of this matter in this Court, ICE Officer Timothy Stevens was asked about the standards of review for an Application for Stay of Removal in 2010 when the Operation Indonesia Surrender began.  The officer was unable to articulate any such standards, even though dozens of such applications have been filed and adjudicated for years.  In Rombot's view, "standardless discretion" is the equivalent of "unbridled discretion."  So although a government agency might have certain discretion which is beyond judicial review, where there are no articulable standards it is suggested there is no legal basis for agency review and therefore judicial review is appropriate. See INS v. St. Cyr, above, 533 US at 306-307 (habeas writ may be used to "challenge[] the Executive interpretations of the immigration laws" including "questions of law that arose in the context of discretionary relief."

III.  NEW FACTS WARRANT RELEASE.

An important part of the analysis discussed above is the new fact that the case of Devitri v. Cronen was recently filed and Rombot is a party to that action.  Given ICE's determination based on all the facts in 2015, the release on an OSUP since that time until August 1, 2017, and the filing of the new case which will take some time to adjudicate, there does not seem to be any valid reason to keep Rombot in detention.

6

CONCLUSION

In immigration law there has been a traditional rule of lenity which "favors construction of immigration laws in the light most favorable to the alien" due to the "drastic consequences of deportation." Lumataw v. Holder, 582 F3d 78, 90 (1st Cir 2009). In Rombot's view, the above discussion demonstrates this traditional rule has not been followed by the agency in his case where there have been numerous violations of the government's own written documents coupled with an inability to articulate reasons why Rombot has been treated this way. Rombot notes that some of the political branches seem to be trying to take some action, see attachment "B" hereto, but at the present time Rombot must rely on this Court.

Respectfully submitted,

/s/ William A. Hahn

WILLIAM A. HAHN, BBO #216690
HAHN & MATKOV
36 Bromfield St., Suite 500
Boston, MA 02108
1-617-338-8333

CERTIFICATE OF SERVICE

I hereby certify the above was filed through the Electronic Court Filing System and will be sent electronically to the registered participants as identified on the NEF.

/s/ William A. Hahn

30 October 2017                    WILLIAM A. HAHN